Submitted on record and briefs January 12, affirmed March 7, 1990

In the Matter of the Compensation of
Nina C. Griggs, Claimant.

PARKVIEW NURSING HOME et al,
*Petitioners,*

*v.*

GRIGGS,
*Respondent.*

(87-09271; CA A60771)

788 P2d 472

Patric J. Doherty, Karli L. Olson and Rankin, VavRosky, Doherty, MacColl and Mersereau, Portland, filed the brief for petitioners.

Glen J. Lasken and Vick & Gutzler, Portland, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of an order of the Board that affirmed the referee's order setting aside a denial of claimant's aggravation claim. Employer argues that the referee abused his discretion in excluding from evidence a medical report that conflicted with an earlier report written by the same doctor regarding the compensability of claimant's injury. The referee ruled that employer had not shown "good cause" within the meaning of *temporary* OAR 438-07-005(4)[1] to justify an untimely filing of the report.

Although employer filed the report the day after it was received, it offered no explanation of why the doctor did not provide the report in time for employer to file it on time.[2] We will not reverse a discretionary decision of an administrative officer, unless the officer exceeded the delegated range of discretion. *See* ORS 183.482(8)(b)(A). The referee acted within his discretion.

Affirmed.

---

[1] *Temporary* OAR 438-07-005(4) provided:

"At the hearing the referee may in his or her discretion allow admission of additional medical reports or other documentary evidence not filed as required by (3) above. In exercising this discretion, the referee shall determine if good cause has been shown for failure to file within the prescribed time limits."

[2] Under *temporary* OAR 438-07-005, employer was required to file the report at least twenty days before the hearing. At the hearing, counsel for employer stated:

"[T]he Notice for Hearing was sent out on July 16th; our office contacted [the doctor], scheduling an appointment to meet with him. We met with him. We wrote to him on August 14th * * *. We advised him at that time that the hearing was scheduled for September 15th, and we requested a response by August 24th so the documents could be submitted; it was not received until last week [September 9]. And our position is we made a good faith effort, once it was sent on an expedited basis, to get our report in on [*sic*] a timely fashion."

When the referee asked counsel if there was "any explanation" as to why the doctor did not respond within the requested time frame, counsel responded:

"I did not personally talk to him to know. I had someone call his office to inquire as to the whereabouts of the report when it came to my attention I hadn't received it."